**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-30612
Summary Calendar
_____


ELLEN SALLY BROWN,

Plaintiff-Appellant,

VERSUS


LAFAYETTE GENERAL MEDICAL CENTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-186)
_____
November 22, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[1]

After being terminated from her position as a nursing director at Lafayette General Medical Center, Ellen Sally Brown filed suit against her former employer alleging that she was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 (1994). The district court found that Brown failed to meet her burden of showing her employer's age-neutral reasons for the termination were pretextual and granted summary judgment in favor of Lafayette

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

General.  We affirm the district court's order.

The district court made detailed findings of facts, which are fully supported by the record and which we need not repeat here. The record established that Brown and her immediate supervisor, Camille Claibourne, vice president of nursing, had a difficult working relationship for some time prior to Brown's termination, stemming in part from Browns disagreement with several policies instituted by Claibourne, particularly those regarding the staffing of nurses.  The tension between the two grew worse when, in mid-December 1992, Brown admittedly failed to follow specific instructions Claibourne gave her regarding the posting of a new staffing policy.

On December 30, 1992, Claibourne met with Brown and told her that she could no longer work with her because Brown had become untrustworthy.  Claibourne informed Brown that she had the option of resignation or termination.  Brown responded that she would be eligible for early retirement in June of 1993 and requested that Claibourne allow her to remain employed until that time. Claibourne said that she would defer her decision for the time being and meet with her again on January 3, 1993.

However, Brown decided not to attend the scheduled meeting with Claibourne and instead met with John J. Burdin, Jr., the president of Lafayette General.  Brown admitted that she violated the hospital's chain-of-command policy by going directly to the

2

hospital president rather than Claibourne's immediate supervisor. On January 5, 1993, Burdin informed Brown that she was terminated. Claibourne confirmed Brown's termination in a letter dated the same day and stated that the grounds for termination were "ineffective communication to staff and Vice President; insubordination." At the time of her termination, Brown was 61 years old.

## II.

We review de novo the district court's grant of summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992); Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 956 (5th Cir. 1993). The parties do not contest that Brown has stated a prima facie case of age discrimination under the ADEA. See O'Connor v. Consolidated Coin Caterers Corp., 116 S.Ct. 1307, 1310 (1996) (clarifying the elements of a prima facie case under ADEA); Bodenheimer, 5 F.3d at 957. The only issue on appeal is whether Brown has successfully rebutted Lafayette General's age-neutral justifications for her termination.

Under the framework this Court recently articulated Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir. 1996) (en banc), once a plaintiff has made out a prima facie case of age discrimination under the ADEA, the burden shifts to the defendant to proffer a non-discriminatory reason for the action. The defendant satisfies this burden by producing evidence that "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." Id. at 993. Once the defendant has proffered

3

nondiscriminatory reasons for the action, a plaintiff can only avoid summary judgment "if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age was a determinative factor in the actions of which plaintiff complains." Id. at 994.

Lafayette General successfully proffered an age-neutral justification for terminating Brown, namely her failure to communicate adequately with her staff and supervisor and insubordination. Because the employer has come "forward with a reason which, if believed, would support a finding that the challenged action was nondiscriminatory," the inference raised by the prima facie case drops out and the burden returns to the plaintiff to show the reasons given are mere pretext for discrimination. LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir. 1996).

Brown has failed to make such a showing. The only evidence Brown relies on to demonstrate that the hospital's reasons are pretextual are (1) her allegations that several other employees over the age of forty have been "forced to resign" and replaced with younger employees and (2) a letter signed by many of her coworkers in which they stressed Brown's many accomplishments and expressed their regret at her dismissal. As for her allegations that other employees have been forced to resign because of their age, we agree with the district court that Lafayette General's unrebutted evidence concerning these employment actions remove any

4

inference that age played a determinative role in Brown's firing.[2]

Nor does the letter from her coworkers raise an inference that age played a role in her termination. At best, this letter shows that she was well liked by her staff and others. However, "to demonstrate pretext, the plaintiff must do more than 'cast doubt on whether [the employer] had just cause for its decision'"; she must produce "some proof that age motivated the employer's actions, otherwise the law has been converted from one preventing discrimination because of age to one ensuring dismissals only for just cause to all people over 40." Moore v. Eli Lilly & Co., 990 F.2d 812, 815 (5th Cir.) (citations omitted), cert. denied, 510 U.S. 976 (1993).

In Rhodes, we stated that "if the evidence put forth by the plaintiff to establish the prima facie case and to rebut the employer's reasons is not substantial, a jury cannot reasonably infer discriminatory intent." 75 F.3d at 994. We conclude that the evidence presented by Brown was insubstantial and inadequate to support a finding of age discrimination.

Accordingly, the district court's order granting summary judgment in favor of Lafayette Medical is AFFIRMED.

---

[2] Brown lists seven employees who she claims were either terminated or forced to resign from Lafayette General during a three-year period. During that period, Lafayette General employed an average of 1,500 to 1,600 employees. Lafayette General also produced unrebutted evidence that, of the seven employees Brown names, one was discharged because his position was eliminated, a second took medical leave and never returned, a third resigned to relocate to another city, and a fourth resigned and was replaced with an older employee.

AFFIRMED.