United States Court of Appeals,

Fifth Circuit.

No. 93-3316

Summary Calendar.

Clifford J. BODENHEIMER, Plaintiff-Appellant,

v.

PPG INDUSTRIES, INC., Defendant-Appellee.

Nov. 3, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

## I. FACTS AND PROCEDURAL HISTORY

Clifford Bodenheimer began working for PPG Industries in June 1955 and ultimately was promoted to Branch Manager of PPG's New Orleans office in January 1977. In 1990, PPG implemented a workforce reduction and office consolidation plan for its southwest region. The New Orleans office and the Baton Rouge offices were merged into one branch office located in New Orleans. In June 1991, PPG terminated Bodenheimer, who was 57 at the time. Betty Fuzette, who had been managing PPG's Baton Rouge office, was appointed Branch Manager of the newly consolidated New Orleans/Baton Rouge office. Fuzette was 51 at the time.

Bodenheimer sued PPG, alleging that PPG violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.,* the Louisiana Age Discrimination in Employment Act, LA.REV.STAT.ANN. §§ 23:971 *et seq.,* and the Louisiana Human Rights Act, LA.REV.STAT.ANN. §§ 51:2231 *et seq.* In his pleadings, Bodenheimer asserted that he was terminated because he was over 55 and eligible for retirement benefits.[1] PPG responded that Bodenheimer was terminated because of the overall workforce reduction and that Fuzette (and not Bodenheimer) was appointed Branch

_____

[1]PPG's pension plan was available to former employees who were 55 or older upon leaving the company. Thus, Bodenheimer qualified for a pension whereas Fuzette would not have had she been terminated.

Manager of the combined New Orleans/Baton Rouge office because of her superior management skills and job performance. PPG filed a motion for summary judgment, which the district court granted. Bodenheimer appeals.[2]

## II. STANDARD OF REVIEW

In employment discrimination cases, we review summary judgments *de novo,* applying the same standard as the district court. *Waltman v. Int'l. Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989). Federal rules provide for summary judgment where no genuine issue as to any material fact exists. FED.R.CIV.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513.[3]

## III. ANALYSIS

a. *St. Mary's* Evidentiary Requirements

The ADEA provides that "it shall be unlawful for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). Given that many employment discrimination cases, such as the instant one, involve elusive factual questions, the Supreme Court

---

[2]Bodenheimer's appeal is limited to an alleged violation of the ADEA.

[3]Bodenheimer argues that summary judgment is inappropriate in cases where the state of mind of the defendant is at issue. He relies on two Fifth Circuit cases, *International Shortstop v. Rally's,* 939 F.2d 1257 (5th Cir.1991), and *Hayden v. First Nat'l Bank,* 595 F.2d 994 (5th Cir.1979), to persuade us that the district court erred in granting summary judgment to PPG. Indeed, in those cases we cautioned that, when state of mind is at issue, summary judgment is less fashionable because motive or intent is inherently a question of fact which turns on credibility. *International Shortstop,* 939 F.2d at 1265-66; *Hayden,* 595 F.2d at 997. Such determinations are within the sole province of the fact-finder. FED.R.CIV.P. 56.

Nonetheless, as we additionally pointed out in *International Shortstop,* summary judgment is *never* precluded when state of mind is at issue. Other circuit courts have held likewise. *Medina-Munoz v. R.J. Reynolds Tobacco,* 896 F.2d 5, 8 (1st Cir.1990) ("[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate"); *Morgan v. Harris Trust and Sav. Bank,* 867 F.2d 1023, 1026 (7th Cir.1989) ("[s]ummary judgment will not be defeated simply because issues of motive or intent are involved"); *LeFevre v. Space Communications,* 771 F.2d 421, 423 (10th Cir.1985) (summary judgment may be appropriate in cases involving state of mind). While courts should be ever vigilant in granting summary judgments—whether or not state of mind is at issue—they are not precluded from ruling as such.

has devised an evidentiary procedure that allocates the burden of production and establishes an orderly presentation of proof.[4] In age discrimination cases, the plaintiff is required to make a prima facie case, wherein he must demonstrate that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *See Fields v. J.C. Penney Co.,* 968 F.2d 533, 536 (5th Cir.1992). If plaintiff meets these requirements, a presumption of discrimination arises which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason for the discharge. *Olitsky v. Spencer Gifts, Inc.,* 964 F.2d 1471, 1478 n. 19 (5th Cir.1992). Once the employer satisfies this burden, the presumption of age discrimination established by the employee's prima facie case dissolves. *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

Once the employer has met its burden of production, the plaintiff's burden of persuasion then arises and he must prove that the proffered reasons are not just pretexts but *pretexts for age discrimination.* Prior to the Supreme Court's recent decision in *St. Mary's Honor Ctr. v. Hicks,* --- U.S. ----, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), confusion reigned among the circuit courts as to whether the plaintiff could prove employment discrimination simply by showing that the defendant's reasons were not credible. *See St. Mary's,* --- U.S. at ----, 113 S.Ct. at 2750. The Court in *St. Mary's* put the issue to bed. To prevail ultimately, the plaintiff must prove, through a preponderance of the evidence, that the employer's reasons were not the true reason for the employment decision *and* that unlawful discrimination was. *St. Mary's,* --- U.S. at ----, 113 S.Ct. at 2747. With these principles regarding the parties' respective evidentiary obligations in employment discrimination cases in mind, we now turn to the case at hand.

---

[4]This evidentiary procedure originally was enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and recently re-affirmed in *St. Mary's Honor Ctr. v. Hicks,* --- U.S. ----, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *McDonnell Douglas* and *St. Mary's* are Title VII cases involving race discrimination. The ADEA was enacted by Congress as a free-standing statute and *is not* part of Title VII. The Fifth Circuit nonetheless has adopted the *St. Mary's* procedural roadmap for ADEA cases. *Fields,* 968 F.2d at 536 n. 2; *Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1504 (1988).

b. PPG's Burden of Production:  Did PPG Proffer a Legitimate, Non-Discriminatory Reason for Terminating Bodenheimer?[5]

An employer meets its burden of production in employment discrimination cases by proffering admissible evidence of an explanation that would be legally sufficient to justify a judgment for the employer. *Guthrie v. Tifco Indus.,* 941 F.2d 374, 376 (5th Cir.1991).  PPG asserts that Bodenheimer was terminated as part of the overall workforce reduction and office consolidation plan.  In support of its summary judgments motion, PPG tendered evidence that shows PPG consolidated a number of offices in the southwest region.  A number of employees (including Bodenheimer) and their positions were adversely affected.  PPG further submits that Fuzette was appointed branch manager of the newly consolidated office because of her superior management skills and job performance.

Bodenheimer responds that PPG failed to satisfy its burden of producti on because the evidence used to meet the burden was not believable.  Glen Hartman, PPG's Regional Manager who terminated Bodenheimer and was responsible for supervising the workforce reduction, incorrectly stated in his affidavit that he terminated employees both older and younger than Bodenheimer when in fact Bodenheimer was the oldest.  This misstatement, Bodenheimer argues, renders the evidence unreliable, thereby creating a genuine factual issue.  Bodenheimer's reasoning is unpersuasive.  The degree of impeachability of evidence at this stage is irrelevant. *St. Mary's* directs us to avoid making any credibility determinations at this stage because "the burden-of-production determination necessarily *precedes* the credibility-assessment stage." *St. Mary's,* --- U.S. at ----, 113 S.Ct. at 2748 (emphasis original).  The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be.  We agree with the district court that PPG's proffered reasons are legitimate and nondiscriminatory and, therefore, satisfy PPG's burden of production.[6]

---

[5]An analysis of the case typically would begin with a discussion of the employee's prima facie case.  However, PPG concedes on appeal that Bodenheimer has established a prima facie case.  Thus, we begin with the first contested issue, i.e., whether PPG has proffered a legitimate, nondiscriminatory reason to rebut Bodenheimer's prima facie case.

[6]Bodenheimer's reasoning also is counterproductive.  Hartman's misstatement leads us to conclude that Hartman did not know the ages of the terminated employees, which buttresses *PPG's claim* that age was not a factor in Bodenheimer's termination.  To avoid summary judgment, Bodenheimer must create the *opposite* factual issue:  Hartman knew their ages, and such knowledge was a factor in terminating Bodenheimer.

c. Bodenheimer's Burden of Persuasion:  Are PPG's Reasons a Pretext for Age Discrimination?

Because we are reviewing a summary judgment, we need not determine whether Bodenheimer actually *proved* PPG's reasons were a pretext for age discrimination.  Rather, we must assess whether Bodenheimer tendered factual evidence that would lead a jury to reasonably conclude that PPG's reasons are a pretext for age discrimination.  FED.R.CIV.P. 56(c);  *St. Mary's,* --- U.S. at ----, 113 S.Ct. at 2747.  We recognize that *St. Mary's* did not involve review of a summary judgment, whereas this case does.  The case nonetheless is controlling as to what showing Bodenheimer must make to avoid summary judgment.  In particular, because Bodenheimer would be required to prove at trial, through a preponderance of the evidence, that PPG's proffered reasons are a pretext for age discrimination, he must now produce sufficient evidence to establish that PPG's reasons were pretexts *for age discrimination.*  We find that he did not.

Bodenheimer principally relies on a comment Hartman made to Bodenheimer regarding retirement benefits when the employee was terminated.  Bodenheimer notes, and PPG does not deny, that Hartman stated, "Cliff, I hope when I get to your age, somebody does the same thing for me."  Bodenheimer asserts that Hartman's comment is direct evidence of age discrimination.  We disagree.  Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions.  *See Carter v. City of Miami,* 870 F.2d 578, 581-82 (11th Cir.1989).  Taken by itself, Hartman's comment proves only that Hartman desires a similar retirement package upon his retirement.  The comment sheds absolutely no light on the central issue before us:  whether Bodenheimer's age was a factor in Hartman's decision to terminate him.  We agree with the district court's characterization of the comment as a casual, facially-neutral remark.[7]

Bodenheimer's remaining pieces of evidence are even less useful for purposes of establishing

---

[7]Bodenheimer's contention that an employer's reference to retirement plans in a discharge situation constitutes age discrimination would produce unintended, and not to mention harsh, consequences.  One district court has stated poignantly, "To assert that an employer is incapable of ever mentioning or noting an employee's age in a discharge situation would be to work the absurd result that an employer could not discuss severance packages and pension calculations with a departing employee."  *Perry v. Prudential-Bache Sec.,* 738 F.Supp. 843, 853 (D.N.J.1989).

a genuine issue of material fact. Bodenheimer proffers the affidavits of two PPG customers who stated that the quality of service of PPG's New Orleans branch office had deteriorated after the departure of Bodenheimer. Bodenheimer also submits his own affidavits, wherein he self-servingly claims he was "much better qualified" than Fuzette "because he has almost twice as many total years in the glass business." Bodenheimer reminds us that, in *Walther,* we effectively said that a genuine issue of material fact exists when evidence shows the plaintiff was "*clearly* better qualified" than younger employees who were retained. *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 123 (5th Cir.1992). Bodenheimer contends that these affidavits establish his superior qualifications, therefore entitling him to a trial.

We disagree. *Walther* requires the employee to submit evidence that is comparative in nature,[8] and Bodenheimer proffers no such evidence. The opinions of only *two* customers regarding the general level of service *after* Bodenheimer's departure provide no insight to the decision Hartman made *prior* to Bodenheimer's departure. While, in retrospect, Hartman may have made a poor business decision by naming Fuzette,[9] "[t]he ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers." *Bienkowski,* 851 F.2d at 1507-08. As for Bodenheimer's attempt to equate years served with superior qualifications, we regard such reasoning as unpersuasive.

In sum, Bodenheimer has fallen well short of his obligation to tender facts which, if believed, would show that PPG more likely than not terminated Bodenheimer because of his age. Instead, he

---

[8]In light of *St. Mary's,* it is unclear what remains of *Walther.* Arguably, evidence showing the plaintiff was "clearly better qualified" establishes only that the employer's proffered reasons were pretextual and *not* that they were a pretext for age discrimination, as required by *St. Mary's,* --- U.S. at ----, 113 S.Ct. at 2747. Thus, even if an employee has established that he was clearly better qualified than his or her replacement, that showing may be insufficient to clear the summary judgment hurdle. Such comparative evidence would raise doubts as to the employer's actual motive for terminating the employee. Indeed, prior to *St. Mary's,* such evidence certainly would be sufficient to avoid summary judgment and perhaps prevail at trial. But *St. Mary's* requires more of the plaintiff than simply negating the employer's defense. The *St. Mary's* Court was clear in its directive: the employee has the burden of persuasion at trial. *St. Mary's,* --- U.S. at ----, 113 S.Ct. at 2749. Therefore, in ADEA cases, a court considering summary judgment must decide whether plaintiff's facts, if believed, would prove that, more likely than not, the employer fired the employee because of his age.

[9]The facts indicate that Fuzette was replaced some time after Bodenheimer was terminated.

has proffered a meager collection of evidence consisting of a one facially neutral comment and various legal conclusions. *St. Mary's* instructs plaintiffs in employment discrimination cases to provide substantially more proof than Bodenheimer did. *See also Matsushita Elec. Indus. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Elliott v. Group Medical & Surgical Serv.,* 714 F.2d 556, 567 (5th Cir.1983). Facially neutral remarks and legal conclusions, such as those involved here, are useless to the plaintiff because they are incapable of addressing the central issue in these cases: was age a factor in the employer's decision to terminate the employee? Because Bodenheimer's summary judgment evidence did not raise any issue on which a jury could reasonably conclude that PPG unlawfully discriminated against Bodenheimer, we conclude that the district court's summary judgment was proper.

## IV. CONCLUSION

Summary judgment on behalf of PPG was appropriate. The district court is AFFIRMED.