**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-60150

Summary Calendar

WILLIAM STAHLKE,

Plaintiff-Appellant,

VERSUS

VAN LEER CONTAINERS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:93 CV 405)

(September 1, 1995)

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Stahlke appeals from an adverse summary judgment which

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

dismissed his complaint filed pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, alleging that he was terminated from employment because of his age. After a careful de novo review of the pleadings and proper summary judgment proof, we find that the appellant did not raise a genuine issue of material fact with respect to the question whether the employer's reasons for terminating Stahlke's employment were pretextual, and, accordingly, AFFIRM the judgment of the district court.

Our review of the record reveals that Stahlke presented evidence in the district court that he was discharged by Van Leer Containers, Inc. ("Van Leer"), was qualified for the position, was covered under the protected class at the time of discharge and was replaced by someone younger. By presenting such evidence, he established a prima facie case. *Bienkowski v. American Airlines*, *Inc.*, 851 F.2d 1503, 1504-05 (5th Cir. 1988).

In response to Stahlke's claim of age discrimination, Van Leer presented summary judgment proof in support of its articulated legitimate, nondiscriminatory, reasons for Stahlke's termination. Among the reasons asserted for the termination by Van Leer were the following:

1. The Canton, Mississippi facility to which Stahlke had been assigned was profitable prior to Stahlke's stewardship and was not profitable when Stahlke was in charge;

2. Stahlke failed to correct deficiencies in customer service and excessive overtime rates;

3. Very expensive materials and equipment were left lying

around to rust on the outer perimeter of the Canton facility and although instructed to immediately "clean up" this situation and agreeing that he would perform the clean up, Stahlke did not perform the clean up. The clean up was again ordered to be conducted and was not done even though Stahlke reported that it had been done; and

4. Stahlke's performance was deficient in failing to address and correct serious morale problems, poor production, and lost revenues and inventory units at the Canton facility.

Van Leer's articulated reasons if believed by a jury could easily support a finding that unlawful discrimination was not the cause of Stahlke's termination. Thus, the presumption of discrimination raised by Stahlke's prima facie case is rebutted; the legal inference of discrimination arising from the initial prima facie evidence is destroyed. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255 & n.10 (1981). In order for Stahlke to prevail under such circumstances, it became his burden to present evidence that Van Leer's proffered reasons were pretextual and that age was the reason for the termination. *St. Mary's Honor Ctr. v. Hicks*, 113 S. Ct. 2742, 2747 (1993); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993).

We find nothing in the record before the district court to raise a genuine issue that the termination reasons were pretextual

and that in fact age was the determining factor.[1]  Stahlke's own deposition testimony, as recognized by the district court, reflects his belief that the termination was age-based was conclusional, not based on any facts sufficient to create a genuine issue whether age played a role in his termination.  *See Bodenheimer*, 5 F.3d at 959.

Accordingly, the judgment of the district court is AFFIRMED.

---

[1]  Stahlke has attached to his brief a number of documents in an effort to establish that conditions at the Canton facility resulted from circumstances beyond his control and to show that he was, in fact, a capable manager.  Except insofar as they are reflected in Stahlke's deposition testimony, these facts were not presented to the district court, by affidavit or otherwise, and are not considered on appeal by this Court.