# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

m 99-60191

—————————

MOSSIE R. PHIPPS,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER
and
CATHLEEN REID,
Individually and as a Superior and as an Official of
the University of Mississippi Medical Center,

Defendants-Appellees.

—————————

Appeal from the United States District Court
for the Southern District of Mississippi
(3:98-CV-186-BN)

—————————

November 10, 1999

Before DAVIS, SMITH, and
BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mossie Phipps, a black female, seeks reversal of a summary judgment entered against her on her various claims of racial discrimination brought under title VII and 42 U.S.C. §§ 1981, 1983, and 1985. We review a summary judgment *de novo*. *Freeman v. City of Dallas*, 186 F.3d 601, 606 (5th Cir. 1999). Because Phipps fails to raise a genuine issue of material fact that her discharge was motivated by race, we affirm.

Phipps was a registered nurse with defendant University of Mississippi Medical Center. One morning, she was being supervised by defendant nurse Cathleen Reid and attended to patient Nathaniel Barnes. Although Barnes was discharged no later than 10:00 a.m., Phipps made entries in her progress notes for Barnes claiming work at 7:55 a.m., 8:00 a.m., 10:00 a.m., and 12:00 p.m. That same day, the medical centerSSthrough its Associate Director of Human Resources, who also is blackSSconcluded that Phipps had falsified a patient's medical records, and therefore terminated her.

Phipps responds that her conduct was either "a mistake or at worse constitutes her prognosis that the patient, who is a diabetic, will remain a diabetic at 12 . . . and will continue to show no signs and symptoms of hypoglycemia or hyperglycemia." Thus, Phipps admits the fact of her misconduct and

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offers nothing more than a bare and unsupported allegation that she did not intend to mislead. She then claims that her discharge was motivated by race. Of ten other Medical Center employees who have been caught for the same act of falsifying medical records, however, all ten—including five white employees—were also discharged.

Unable to find disparate treatment as compared to this most similarly-situated group of whites—the five also accused of falsifying medical records—Phipps attempts to contrast her treatment with that of a group of white employees who were charged with *different* offenses and were not immediately fired. Essentially, Phipps demands trial to determine whether those other offenses were of equal, less, or greater significance than her own misconduct, in hopes of showing that those white employees were situated similarly to (or worse than) was she.

Phipps cannot show how the terms of her discharge permit an inference of racism. Far from irrational, the decision to discharge her was premised on a legitimate, nondiscriminatory reason. *See Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 370 (5th Cir. 1997); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11 (1993); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-55 (1981).

The medical center apparently was acting out of intolerance of an employee's misrepresentation and deception. An employer is entitled to grade various forms of employee misconduct to its own liking, so long as it does not do so on account of race or some other prohibited basis. *See Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993) (holding that to win summary judgment, an "employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be"). Applying our familiar burden-shifting analysis, *see St. Mary's*, 509 U.S. at 510-11, we conclude that, having failed to make a sufficient evidentiary showing that the stated nondiscriminatory purpose was pretextual, Phipps cannot survive the motion for summary judgment.

AFFIRMED.