IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30477
Summary Calendar
_____


DON T BERRY

                                        Plaintiff-Appellant

v.

CONDEA VISTA, doing business as Vista Chemical Co

                                        Defendant-Appellee


_____

Appeal from the United States District Court
for the Western District of Louisiana
Docket No. 98-CV-352
_____
March 9, 2000
Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Don Berry ("Berry") appeals from the

district court's entry of summary judgment in favor of Defendant-

Appellee Condea Vista ("Vista").  For the reasons stated below,

we AFFIRM.

     Berry is African-American.  From 1986 until his termination

on December 7, 1995, Berry was employed by Vista at its Westlake,

Louisiana, facility.  The Westlake facility manufactures

_____

  [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

chemicals that, if handled improperly, could explode or pose an environmental hazard. Berry was employed by Vista as a "pumper." As such, he was responsible for safely transferring chemicals between various storage vessels. Vista claims that it terminated Berry's employment after he amassed ten separate work-rule violations. These violations ranged from unexcused absences, to arguing with superiors, to failing to follow safety procedures and causing chemical spills. Berry contends that Vista wrongfully terminated him because of his race, and thus violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2000e-17.

On November 8, 1996, Berry filed an official charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On September 30, 1997, the EEOC mailed Berry a notice that it would not be taking action against Vista and issued him a right-to-sue letter. Prior to filing his charge with the EEOC, Berry filed a pro se complaint in Louisiana state court. Berry did not serve Vista with his complaint until February 5, 1998. After being served, Vista removed the case to the district court and moved for summary judgment. The district court found that, although Berry was able to make out a prima facie case of discrimination, he had failed to produce evidence indicating that Vista's proffered reasons for terminating him were mere pretext for unlawful discrimination. Therefore, the district court granted Vista's motion for summary judgment and entered judgment against Berry. Berry timely appeals.

2

A grant of summary judgment is reviewed de novo. See Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997). The moving party is entitled to summary judgment if the evidence indicates that there is no genuine issue as to any material fact. See Fed. R. Civ. P. 56(c). While we view the evidence in a light most favorable to the non-movant, see Coleman, 113 F.3d at 533, the non-moving party is required to come forward with specific facts indicating that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

We analyze Title VII claims under the well-established framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, the Title VII plaintiff bears the initial burden of proving a prima facie case of discrimination. See id. at 802. If the plaintiff can make out a prima facie case of discrimination, the burden shifts "to the employer to articulate some legitimate reason" for terminating the employee. Id.; see also Bodenheimer v. PPG Indus., 5 F.3d 955, 957 (5th Cir. 1993). If the employer produces legitimate, non-discriminatory reasons for the plaintiff's termination, the burden shifts back to the plaintiff to produce evidence showing that the employer's proffered reasons were mere pretext for otherwise unlawful discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1980); McDonnell Douglas, 411 U.S. at 804.

We agree with the district court that Berry established a

3

prima facie case of discrimination.  We also agree that Vista presented legitimate, non-discriminatory reasons for terminating Berry, and that Berry failed to show that these reasons were mere pretext for unlawful discrimination.  Vista has come forward with a significant amount of evidence indicating that Berry was an unsatisfactory and unsafe employee, and that its decision to terminate him was not based on race.  Vista documents ten separate work-rule violations by Berry, any number of which provide Vista with legitimate, non-discriminatory reasons to terminate his employment.

In attempting to rebut Vista's evidence, Berry argues that a white employee, Chris Sevier ("Sevier"), was treated differently by Vista.  Although Sevier was also terminated by Vista for work-rule violations, Berry argues that Sevier's violations were much more serious than his, and therefore Sevier deserved to be terminated.  Furthermore, Berry contends that Vista was overly tolerant of Sevier and should have terminated him much earlier than it did.  Berry claims that Vista did not afford him the same tolerance shown to Sevier, and that it terminated him for violations that were far less egregious than Sevier's.  Berry argues that the evidence regarding Sevier represents a continuing violation of Title VII by Vista.  See Webb v. Cardiothoracic Surgery Assocs. of N. Texas, 139 F.3d 532, 537 (5th Cir. 1998) (discussing the admissibility of evidence in a case seeking to prove a continuing violation of Title VII).

The district court, however, refused to consider Berry's

4

evidence regarding Sevier, finding that such evidence was time-barred.  The district court interpreted Webb to hold that a plaintiff may only base a discrimination claim upon conduct that occurred no more than 300 days prior to the filing of an EEOC charge.  Because Berry's official EEOC charge was not filed until November 8, 1996, and Sevier was dismissed more than 300 days before that date, the district court refused to consider any evidence regarding Vista's treatment of Sevier.

Even if we were to find that the district court improperly refused to consider Berry's evidence regarding Sevier, the evidence indicates neither that Vista engaged in ongoing discrimination, nor that its reasons for terminating Berry were pretextual.  Berry's proffered evidence regarding Sevier is purely speculative.  Other than his own subjective views on the issue, Berry offers no evidence that Vista treated him and Sevier differently.  Berry's subjective feeling that he was being discriminated against can not defeat a motion for summary judgment.  See Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 141 (5th Cir. 1996).  Contrary to Berry's assertion of disparate treatment, the evidence indicates that Berry and Sevier were each responsible for various work-place violations, and both were warned numerous times that, unless the quality of their work improved, they would be terminated.

Berry claims that his last violation before being terminated, failing to follow proper "lock-out" procedures, was

also committed by a white pipefitter, Leroy Trahan ("Trahan"), and that Trahan was not disciplined. This supposed "evidence" ignores the fact that Trahan was not even employed by Vista. Although Trahan was working at the Vista plant, he was employed by an independent contractor. Had Trahan in fact violated Vista's procedures, it was his employer's duty to discipline him, not Vista's. Consequently, Vista's treatment of Trahan has no bearing on its disciplinary action against Berry.

Berry also relies on the affidavit of Ray Reynolds ("Reynolds"), a union steward at Vista. Reynold's affidavit states that he "knows" that two of Berry's former supervisors, Don Barrow ("Barrow") and Don Tolbert ("Tolbert"), are racist. However, Reynold's affidavit sets forth no basis for this belief. Reynold's affidavit fails to recount any activities or statements by either Barrow or Tolbert that would lead him to believe that they are racist. Additionally, the affidavit fails to demonstrate a causal connection between the alleged racism and Berry's termination. Therefore, the affidavit does not effectively rebut Vista's legitimate reasons for terminating Berry. See Boyd v. State Farm Ins. Cos., 158 F.3d 326, 330 (5th Cir. 1998).

In short, the evidence presented by Vista overwhelmingly supports its contention that Berry was terminated because he was unable to safely and competently perform his job functions. Berry fails to offer any competent evidence to rebut Vista's legitimate, non-discriminatory reasons for terminating his

6

employment.  Berry's conjecture and speculation regarding Vista's motivation for terminating him does not constitute evidence of racial discrimination.  Therefore, we AFFIRM.