IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10551
Summary Calendar
_____

DANNY HENSLEY; STEVE P. WINSLOW;
VIRGINIA FLIPPIN, on behalf of
the estate of Lucian Doyle Flippin,

                                        Plaintiffs-Appellants,

versus

HOME DEPOT, U.S.A., Inc.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-646-M
--------------------
October 26, 2001

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs Danny Hensley, Steve P. Winslow, and Virginia

Flippin, on behalf of the estate of her late husband, Lucian

Doyle (Mickey) Flippin, appeal the summary judgment dismissal of

their claims under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 623(a), against Home Depot, U.S.A., Inc.

("Home Depot"). The district court dismissed the claims of

Hensley and Winslow, who resigned their positions with Home

Depot, on the ground that they had failed to adduce evidence

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sufficient for a reasonable jury to find that they were constructively discharged. The district court dismissed Flippin's claim for failure to establish the existence of a genuine issue of material fact on which a jury could find that the legitimate, nondiscriminatory reason articulated by Home Depot for Flippin's discharge was a pretext for age discrimination.

The plaintiffs first contend that the district court improperly applied the evidentiary framework of McDonnell-Douglas v. Green, 411 U.S. 792 (1973), to this ADEA matter. Although Mconnell-Douglas was a racial discrimination case decided under Title VII of the Civil Rights Act of 1964, we have endorsed its burden-shifting approach as "an evidentiary procedure that allocates the burden of production and establishes an orderly presentation of proof." Bodenheimer v. P.P.G. Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993). It has long been a staple of our ADEA jurisprudence. See Jackson v. Sears, Roebuck & Co., 648 F.2d 225, 230 (5th Cir. Unit B June 1981) ("It is well settled that the analysis articulated in [McDonnell-Douglas] is applicable to ADEA cases."). We find no error in the district court's utilization of this useful and time-tested framework.

Turning to the district court's resolution of the plaintiffs' claims, we perceive error only to the extent that the district court dismissed Winslow's claim based on a failure to make a showing of constructive discharge. Winslow made the requisite showing on this issue, albeit by a narrow margin. However, after a thorough review of the record and the briefs, we

affirm the dismissal of Winslow's claim on the alternative ground noted by the district court, as Winslow failed to make a prima facie showing that his demotion was motivated by age discrimination.  As to Hensley and Flippin, we affirm the judgment below essentially for the reasons articulated by the district court.

AFFIRMED.