# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 02-20821
Summary Calendar

JAMES S. PASTOR; RHINA PASTOR,

Plaintiffs-Appellants,

versus

COLLEGE STATION INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(No. H-01-CV-317)

December 30, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellants allege that their former employer, College Station Independent School District ("CSISD"), discriminated against them on the basis of race or national origin and age in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"), respectively. Rhina Pastor further alleges that CSISD violated Title VII by discriminating against her because of her sex. The district court found, viewing the evidence in the light most favorable to Appellants, that there was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no triable issue of fact to show: (1) that Rhina Pastor established a prima facie case of race, age or sex discrimination; (2) that CSISD's reasons for taking adverse employment action against James Pastor were merely pretextual; or (3) that James Pastor made out a prima facie case for age discrimination. Because Appellants failed to raise a genuine issue of material fact to show that CSISD discriminated against them on the basis of race, age, or sex, we affirm.

## I. FACTS AND PROCEEDINGS

Appellants, James and Rhina Pastor, are husband and wife. They are both Latino and over forty-years-old. CSISD originally retained the Pastors as independent contract painters from November 14, 1994 until August 9, 1999. In August 1999, CSISD hired the Pastors as full-time employees.

A. *James Pastor*

Mr. Pastor alleges that while he was working for CSISD, his co-workers subjected him to discrimination based on his national origin. As examples, Mr. Pastor alleges that: (1) a co-worker, David Bewley,[1] interfered with Mr. Pastor's use of a radio; (2) both Mr. Pastor and his wife, Ms. Pastor remained temporary employees for five years, while CSISD moved others to permanent status in a shorter period of time;[2] (3) the Pastors were not allowed to go into the maintenance work area with other employees; (4) Mr. Pastor's disciplinary write-ups differed from other CSISD employee

---

[1]Mr. Pastor claims that the same co-worker commented to him: "why don't you go back to f---ing New York?" Mr. Pastor contends that this comment was racially motivated because: "I'm from New York, and with Texans, as I understand it, a lot of people don't like New Yorkers. I'm also Latin. I felt they didn't like Latins." R. at 205.

[2]Mr. Pastor could not cite any examples of who had been promoted more quickly than he and his wife. R. at 200-01.

2

disciplinary write-ups;[3] and (5) the Pastors were the only Latinos in the maintenance department at CSISD.

While employed by CSISD, Mr. Pastor received three disciplinary write-ups for violating District policy. First, on February 23, 2000, the Pastors' supervisor, Royce Thomas, disciplined Mr. Pastor for leaving work on personal business without notifying a supervisor or "punching out" on the time clock, as required by District policy. CSISD brought a disciplinary action against Mr. Pastor again on March 28, 2000, when Mr. Pastor failed to complete a task as directed. On May 17, 2000, Thomas brought a disciplinary action against Mr. Pastor for a third time for disobeying instructions to not talk to or interfere with an outside contractor's employees who were working at one of the CSISD campuses. CSISD terminated Mr. Pastor's employment after this third incident, citing Mr. Pastor's multiple disciplinary actions. After terminating Mr. Pastor's employment, and during Ms. Pastor's medical leave from work, CSISD hired a 49 year-old African-American male, and a 44 year-old white female.

B. *Rhina Pastor*

Ms. Pastor also claims that she suffered discriminatory treatment, primarily at the hands of Darla Long, the head painter brought in by CSISD while Ms. Pastor was out on medical leave. Specifically, Ms. Pastor cites two comments by Long: (1) Long commented that she did not listen to "black" or "latin" music; and (2) Long inquired about Ms. Pastor's age and stated that Ms. Pastor was "too old for the job."

CSISD did not terminate Ms. Pastor. She chose to discontinue her employment with CSISD pursuant to her doctor's advice following an on-the-job injury. CSISD informed Ms. Pastor that they

---

[3]Mr. Pastor could not cite a concrete example for this allegation. R. at 197.

would hold her position open for 12 weeks following her injury. Ms. Pastor stopped working for CSISD on or around November 1, 2000, shortly after the alleged discriminatory treatment by Long.

## II.  STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002). If there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law, this Court will affirm a grant of summary judgment. FED. R. CIV. P. 56(c). This Court determines the materiality of the issue according to the substantive law of the case. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). In making the ultimate determination of whether summary judgment was pro per, this Court reviews the facts, and all inferences drawn from those facts, in the light most favorable to the party opposing the motion. *See Jurgens v. EEOC,* 903 F.2d 386, 388 (5th Cir. 1990).

## III.  ANALYSIS

A.  *James Pastor's Title VII Claim*

This Court evaluates racial discrimination claims based solely on circumstantial evidence under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). To establish a *prima facie* case for discriminatory discharge under Title VII, the plaintiff must show that: (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) the employer replaced him with someone outside the protected class. *Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)).

If the plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant

4

to produce a legitimate, nondiscriminatory justification for its actions. *McDonnell Douglas*, 411 U.S. at 802. To meet its burden of production, the defendant must "introduce evidence, which *taken as true* would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *Hicks*, 509 U.S. at 509 (emphasis in original). If the defendant meets its burden, the plaintiff's *prima facie* case drops out, and the plaintiff has the burden of showing that the defendant's proffered reason is merely a pretext for intentional discrimination. *Id.* at 507-08. The plaintiff retains the "ultimate burden of persuading [the trier of fact] that [he] has been the victim of intentional discrimination." *Id.* at 508.

Even assuming, *arguendo*, that Mr. Pastor established a *prima facie* case of race discrimination, he has failed to rebut CSISD's legitimate, nondiscriminatory reason for terminating him. On three separate occasions, CSISD wrote up Mr. Pastor for violating its policies. Specifically, Mr. Pastor left work without notifying a supervisor or "punching out," he failed to complete a task as directed, and he disobeyed instructions to not talk to or interfere with an outside contractor's employees working at a CSISD campus. Mr. Pastor fails to persuade the Court that CSISD's reasons for terminating him were merely pretext; "a reason cannot be proved to be a 'pretext for *discrimination*' unless it is shown *both* that the reason is false, *and* that discrimination was the real reason." *Hicks*, 509 U.S. at 513 (emphasis in original). Because Mr. Pastor fails to advance any evidence showing that CSISD's reasons were either false or that racial discrimination was likely the real reason for his termination, his claim of wrongful termination based on race fails.

B. *James Pastor's Age Discrimination Claim*

Mr. Pastor also asserts that CSISD discriminated against him on the basis of age. ADEA analysis reflects Title VII's burden-shifting framework. To establish a *prima facie* case of age

discrimination, the plaintiff must show that: "(1) he was discharged; (2) he was qualified for the position; (3) he was in the protected class at the time of discharge; and (4) he was either (i) replaced by someone outside of the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age." *Bodenheimer v. PPG Indus. Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). Once the plaintiff establishes a prima facie case, the defendant has the burden of rebutting the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for terminating the plaintiff. *Id.* As in the Title VII context, the plaintiff must prove either that the defendant's reasons are not worthy of credence, or that there was more than likely a discriminatory reason for its conduct. *Beinkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1505 (5th Cir. 1988).

Again, while Mr. Pastor may have established a *prima facie* case for age discrimination because the people hired to replace him were slightly younger,[4] his claim must fail because he did not prove that CSISD's proffered reasons for terminating him were unworthy of credence or were more than likely motivated by discriminatory intent.

C. *Rhina Pastor's Discrimination Claims*

Ms. Pastor falls short of establishing a *prima facie* case for all of her claims of discrimination because she failed to prove that CSISD took any adverse employment action against her. To the contrary, CSISD had assured Ms. Pastor that it would retain her position for her while she was on medical leave. As such, her claims of discrimination must fail as a matter of law as well.

**IV. CONCLUSION**

Because of the foregoing reasons, we affirm the district court's grant of summary judgment.

---

[4]The individuals hired after CSISD fired Mr. Pastor and Ms. Pastor was on leave were 49 years-old and 44 years-old. The Pastors were in their fifties.