United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20693
Summary Calendar

LINDA C HAMLETT

Plaintiff - Appellant

v.

GENERAL MOTORS ACCEPTANCE CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:05-CV-436

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Linda Hamlett appeals the district court's grant of summary judgment to defendant-appellee General Motors Acceptance Corporation ("GMAC"), contending that GMAC violated the Age Discrimination in Employment Act of 1967 ("ADEA"),[1] 29 U.S.C. § 621 et seq., by subjecting her "to an

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1] As GMAC points out, Hamlett actually alleged in her

1

unwanted mandatory transfer to a distant, inconvenient location or alternatively . . . to an unwanted early retirement on account of her age." Appellant's Br. at 2-3. However, Hamlett's brief describes virtually none of the facts or issues involved in this case and instead provides pages of legal quotations and general, conclusory allegations that she satisfied her prima facie burden and that GMAC's stated reasons for its actions were pretextual. By failing to adhere to Federal Rule of Appellate Procedure 28(a)(9)(A)'s requirement that an appellant's brief contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," Hamlett has abandoned those contentions. See United States v. Miranda, 248 F.3d 434, 443-44 (5th Cir. 2001); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The only statement in her brief that could be construed as an argument against summary judgment--that a person with less experience got a job in another Houston office--is unaccompanied by any allegation or evidence that she applied for and was denied

---

Original Petition a claim under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. § 21.001 et seq. Because TCHRA claims for age discrimination are subject to the same analysis as ADEA claims, see Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 475-76, 480-81 (Tex. 2001), Hamlett's misstatement as to the source of her claims is not material.

that job, that she was qualified for that job, that the job was related to her situation in any way, or that age was a factor in that employee's hiring or GMAC's later offer to her of a job in North Carolina, and is insufficient to establish a prima facie case of age discrimination. See Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993). Even if she had established a prima facie case, she makes no argument and points to no evidence as to why GMAC's reason for offering her the choice of a transfer to North Carolina or a severance package--that GMAC was closing for economic reasons the office in which Hamlett worked--was pretextual or that age was in any way a motivating factor in GMAC's actions. See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004). Hamlett's appeal is without merit.

AFFIRMED. Costs shall be borne by plaintiff-appellant.