# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

No. 09-40487
Summary Calendar

Charles R. Fulbruge III
Clerk

ALLEN BISHOP,

Plaintiff–Appellant

v.

TEXARKANA TEXAS POLICE DEPARTMENT,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-00141

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Allen Bishop, Plaintiff–Appellant, appeals the district court's grant of summary judgment for Defendant–Appellee, Texarkana Texas Police Department ("TTPD"), as to Bishop's claims for age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"), and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Because Bishop failed to carry his burden

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40487

under either the ADEA or Title VII, we AFFIRM the district court's ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bishop, a forty-year-old African-American male, applied for an entry level police officer position in the TTPD. Bishop passed both the civil service examination and physical fitness assessment. TTPD asked Bishop to complete a Personal History Statement and submit certain documents to enable TTPD investigators to conduct a background investigation. Bishop provided an incomplete Personal History Statement and failed to submit his Form DD-214, which would have shown the circumstances surrounding his discharge from military service. On his Personal History Statement, Bishop stated he served in the United States Army Reserves from January 1991 through January 1999 and was honorably discharged. He did not mention any other military service.

TTPD rules require former members of the military to have nothing less than an honorable discharge. During an interview with a TTPD background investigator, Bishop said he was uncertain of his military discharge status because of an issue relating to denial of his request to transfer from one reserve unit to another. Bishop stated he believed he had been placed on "inactive" status. TTPD subsequently received the Army's Form DD-214 showing that Bishop entered service in September 1991, separated in March 1992, and received an "uncharacterized" discharge. TTPD also received another Form DD-214, learning for the first time that Bishop had been in the United States Navy for about a month and a half in 1986; the Navy described Bishop's discharge status as an "entry level separation." TTPD sent Bishop two letters explaining he was automatically disqualified from consideration due to his "uncharacterized" discharge from the Army Reserves.

Bishop filed a Charge of Discrimination with the EEOC and received a right to sue letter. Bishop timely filed his Complaint, raising claims of race and age discrimination. TTPD moved for summary judgment, and the district court

No. 09-40487

granted the motion.  Bishop timely appealed.

## II.  ANALYSIS

We review the district court's grant of summary judgment *de novo*.  *Tex. Indus., Inc. v. Factory Mut. Ins. Co.*, 486 F.3d 844, 846 (5th Cir. 2007).  Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2).

To prevail on his Title VII claim, Bishop must establish a *prima facie* case that TTPD based its decision not to hire him on his race.  *Patrick v. Ridge*, 394 F.3d 311, 313 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  To do so, Bishop must show that (1) he is a member of a class protected under the statute; (2) he was qualified for the police officer position; (3) TTPD took an adverse employment action against him; and (4) someone outside of the protected class was hired instead.  *Id*. (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).  To prevail on his ADEA claim, Bishop bears a similar burden of establishing a *prima facie* case that TTPD based its decision not to hire him on his age, by showing that (1) an adverse employment action occurred; (2) he was qualified for the police officer position; (3) he was a member of a protected class under the statute; and (4) he was replaced by someone either younger or outside of the protected class.  *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993).

After the plaintiff establishes his *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment decision.  *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  If the defendant meets this burden, the burden shifts back to the plaintiff to show that (1) the defendant's proffered reason is not only untrue, but is pretextual; or (2) the defendant's proffered reason is true, but is only one of the reasons, with the protected characteristic being a "motivating factor."  *Id*.

No. 09-40487

(citation omitted).  Finally, if the plaintiff succeeds, the burden shifts back to the defendant to prove "it would have taken the same action in the absence of the impermissible motivating factor." *Id.* at 312–13 (quotation omitted).

Here, Bishop argues that TTPD refused to hire him because he received a discharge that was other than honorable, and that this criterion was impermissible.[1]  Indeed, in *Thompson v. Gallagher*, 489 F.2d 443, 449 (5th Cir. 1973), a case with somewhat similar facts, we found unconstitutional a law mandating the employment termination of any individual with a military discharge that was other than honorable.  We need not determine whether *Thompson* applies to the instant case.  Even if Bishop were to establish a *prima facie* case of discrimination, TTPD has articulated a valid non-discriminatory reason for not hiring Bishop: he lied on his Personal History Statement.  Although the district court gave Bishop an opportunity to gather evidence to show that this non-discriminatory reason was pretextual or was not TTPD's motivating factor, Bishop failed to do so.  Therefore, Bishop failed to carry his burden of establishing a claim for either race or age discrimination.

## III.  CONCLUSION

We AFFIRM the district court's judgment.

---

[1] Bishop also argues that TTPD refused to hire him because of his credit score, because he filed an unrelated lawsuit, and because TTPD uses a quota system and will not hire any more African-American applicants until 2013.  As for Bishop's first two arguments, Bishop failed to produce any evidence showing that TTPD refused to hire him because of his credit score or because he filed an unrelated lawsuit.  As for the third argument, Bishop provides little more than a conspiracy theory to support this argument, and he fails to establish a prima *facie case* of discrimination based on alleged quotas.