# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2023

Lyle W. Cayce
Clerk

No. 22-60535
Summary Calendar

Angelia Hobson,

*Plaintiff—Appellant*,

*versus*

Mississippi Department of Rehabilitation Services,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-cv-254

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Angelia Hobson, appeals the dismissal of her Title VII race-discrimination claim against Defendant-Appellee, Mississippi Department of Rehabilitation Services ("MDRS"). Because Hobson has not established a *prima facie* case of race discrimination, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I. BACKGROUND

MDRS is a state agency that provides services to individuals with disabilities. Plaintiff is an African American woman with a master's degree in counseling education. MDRS hired Hobson in 1996 as a DRS-Counselor I with a starting salary of $18,304.20. In 1997, MDRS promoted Hobson to a DRS-Counselor II position, increasing her salary to $21,267.96. In 1998, MDRS raised Hobson's salary twice, and in 1999 the Mississippi State Legislature further raised her salary to $25,168.92 as a result of across-the-board pay increases. In 2001, MDRS promoted Hobson to a DRS-Counselor III classification, increasing her salary to $27,531.12. In 2003, MDRS raised Hobson's salary to $29,477.34. In 2004, she received a five percent salary increase for completing her master's degree, raising her salary to $30,951.12. In 2006, 2007, and 2014, Hobson received an across-the-board pay increase for state employees.

In 2016, MDRS promoted Hobson to a DRS-Counselor, Senior, classification, which raised her salary to $41,959.55. In 2019, she received another legislative across-the-board three percent salary increase, raising her salary to $43,027.34. At the time Hobson filed her complaint, she was a DRS-Counselor, Senior, earning a salary of $43,027.35.

In 2020, Hobson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Thereafter, she filed the instant Title VII[1] action asserting that MDRS discriminated against her on the basis of race, based on her allegations that white counselors in a neighboring district with inferior qualifications had "a starting wage of at

---

[1] Hobson also brought a claim under 42 U.S.C. § 1981, which the district court dismissed. She does not challenge that dismissal on appeal. Additionally, Hobson does not challenge the district court's order granting MDRS's motion to dismiss her claim of "direct pattern of systemic discrimination."

No. 22-60535

least Plaintiff's current wage, if not higher." The district court granted summary judgment for MDRS, finding that Hobson failed to establish a *prima facie* case of discrimination, and that even if she had, she failed to produce evidence that MDRS's legitimate non-discriminatory reason for her pay was pretextual. Plaintiff timely appealed.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo.[2] Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Because Plaintiff relies solely on circumstantial evidence, we evaluate her claim of discrimination under the *McDonnell Douglas*[4] burden-shifting framework.[5] Under that framework, to make out a *prima facie* case of pay discrimination, a plaintiff must show (1) "that [s]he was a member of a protected class;" (2) "that [s]he was paid less than a non-member;" (3) "that h[er] circumstances are 'nearly identical' to those of" the better-paid non-member.[6]

If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to offer "'a legitimate non-discriminatory reason' for the pay disparity."[7] At this stage, the defendant's burden is one of "production, not

---

[2] *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021).

[3] Fed. R. Civ. P. 56(a).

[4] *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

[5] *Ross*, 993 F.3d at 321.

[6] *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citing *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984)).

[7] *Id.* (quoting *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998)).

persuasion," and "involve[s] no credibility assessment."[8]  If the employer meets its burden, "the presumption of discrimination dissipates," and the burden shifts back to plaintiff to show that the employer's rationale is merely a pretext for discrimination.[9]

Here, the district court correctly held that Hobson failed to establish a *prima facie* case of discrimination because she had not identified any similarly-situated employees outside her protected class that were treated more favorably.  To meet the third element of her *prima facie* case, plaintiff "must show that she was paid less than a proffered comparator, not in her protected class, for work requiring substantially the same responsibility."[10] In other words, she must show "her circumstances were nearly identical to those of a better-paid employee who is not a member of her protected class."[11]  "A variety of factors are considered when determining whether a comparator is similarly situated, including job responsibility, experience, and qualifications."[12]

Hobson presented four comparators: Mona Boyles, Nikki Dill, Keely Green, and J.T. Williamson.  Although both Mona Boyles and Keely Green earn a higher salary than Hobson, they occupy positions that require greater qualifications and responsibilities.  Boyles is a DRS-Counselor, Certified,

---

[8] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (internal quotation marks and citation omitted); *see also Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993) ("The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be.").

[9] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (citations omitted).

[10] *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018).

[11] *Id.*

[12] *Id.* (citation omitted).

which unlike the DRS-Counselor, Senior position, requires a certification as a rehabilitation counselor, which Hobson did not have at the time she filed her complaint. Green is a Bureau Director, Deputy (District Manager), a position that involves, among other things, supervising DRS-Counselor, Senior positions in the district. In her deposition, Hobson acknowledged that Green held a "different position" than she did. Accordingly, Boyles and Green are not appropriate comparators because they were not similarly situated to Hobson.[13]

Next, Hobson asserts that both J.T. Williamson and Nikki Dill are comparators that are similarly situated. However, as the district court correctly held, both Williamson's and Dill's salaries were lower than Hobson's salary. Specifically, Hobson's salary was $43,027.34, whereas Williamson's salary was $41,127.90, and Dill's salary was $39.300.86. Thus, Hobson cannot show that "she was paid less than" her proffered comparators of Williamson and Dill.[14]

On appeal, Hobson asserts that the district court erred in holding that she did not establish a *prima facie* case of discrimination, and that genuine issues of material fact exist as to whether MDRS's proffered reasons for her pay are pretextual. As to her *prima facie* case, Hobson contends that because her identified comparators "all held Counselors positions, it would be reasonable to infer that they shared the same job duties" and held at least a bachelor's degree in rehabilitation counseling.

---

[13] *See id.* (rejecting plaintiff's proffered comparators because they "were called on to do more than" plaintiff and "had greater qualifications and responsibilities" than plaintiff).

[14] *Id.*

However, as detailed above, at least two of Hobson's alleged comparators did not hold the same counselor position as Hobson, and the other two identified comparators were paid less than she was. Therefore, Hobson has failed to make out a *prima facie* case of pay discrimination because she has not shown that her circumstances are "nearly identical" to those of a better-paid employee outside of her protected class.[15] Given that Hobson has not presented sufficient circumstantial evidence to establish her *prima facie* case, we need not address her remaining arguments about pretext.

Accordingly, we AFFIRM the district court's summary judgment in favor of MDRS.

---

[15] *Taylor*, 554 F.3d at 523.