IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30348
Summary Calendar
_____

EDWARD J. SIMONEAUX

Plaintiff - Appellant,

versus

NEW YORK LIFE INSURANCE COMPANY

Defendant - Appellee.

_____
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-755-B
_____
October 29, 2002
Before JOLLY, PARKER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

After being fired from his job, fifty-five year old plaintiff Edward J. Simoneaux (Simoneaux) brought suit against his former employer New York Life Insurance Company (New York Life) for age discrimination in violation of Louisiana's Age Discrimination Act.[1] The district court granted summary judgment in favor of New York Life. Because there is no genuine issue of material fact, we affirm the district court's grant of summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] LA. REV. STAT. ANN. § 23:311, et seq. (West 2002).

1

For the last twelve of his twenty-three years of employment with New York Life, Simoneaux was the managing partner of its Baton Rouge office. In 1998, the performance of the Baton Rouge office, as measured by New York Life's "G.P.A." rating system, fell below the company standard. This decline in performance was partially due to problems with the leasing of office space and the promotion of several sales personnel to different New York Life offices. New York Life requested that Simoneaux raise the "G.P.A." of the Baton Rouge office or be placed on an individual "performance program" with specific performance goals to be attained during a defined period. The record contains several letters from New York Life to Simoneaux regarding the specific performance problems of the Baton Rouge office, including drop-offs in recruitment, retention and commissions.

In August 1999, Simoneaux met separately with Michael Reeves (Reeves) and Gerald Tinsley (Tinsley), Senior Vice President and Vice President of New York Life's West Central Zone, to discuss the performance of the Baton Rouge office. At some point during the meeting between Tinsley and Simoneaux, Tinsley asked Simoneaux how old he was and how long he planned on working. During the meeting between Reeves and Simoneaux, Reeves placed Simoneaux on a performance plan, outlining specific personal performance goals to be met by July 30, 1999. Reeves told Simoneaux that a failure to

complete the performance plan would result in his dismissal from employment with New York Life. Simoneaux failed to meet the performance plan goals by the deadline date. Reeves, without a request from Simoneaux, extended the deadline to the end of December 1999 and revised the performance plan goals. When Simoneaux failed to meet the revised goals in the performance plan by December 31, 1999, he was fired. His replacement as managing partner of the Baton Rouge office was a thirty-eight year old man.

Simoneaux brought suit alleging violations of Louisiana's Age Discrimination Act in the 19th Judicial District Court for the Parish of East Baton Rouge. New York Life properly removed the case to the United States District Court for the Middle District of Louisiana, under 28 U.S.C. §§ 1441 and 1332(a)(1). The district court granted summary judgment in favor of New York Life, and Simoneaux timely appealed the judgment to this court.

## II.

We review the grant of summary judgment <u>de novo</u>. <u>Bodenheimer v. PPG Indus., Inc.</u>, 5 F.3d 955 (5th Cir. 1993). Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether there are genuine issues of material fact, the court draws all inferences in favor of the nonmoving party. <u>Id.</u>

Because the prohibitions on age discrimination under Louisiana law and federal law are the same, Louisiana courts look to federal

3

law for guidance in applying the Louisiana Age Discrimination Act. LaBove v. Raftery, 802 So.2d 566, 573 (La. 2001). A plaintiff makes a prima facie case of age discrimination if he demonstrates that: (1) he was dismissed; (2) he was qualified for the position from which he was dismissed (3) he was within the protected class of individuals who are at least forty years of age; and (4) he was replaced by someone outside the protected class or someone younger or was otherwise dismissed because of his age. Fields v. J.C. Penney Co., 968 F.2d 533, 536 (5th Cir. 1992). If the plaintiff makes a prima facie case, a presumption of discrimination arises and the burden shifts to the defendant to rebut the presumption by showing, through admissible evidence, a non-discriminatory reason for the dismissal. Once a non-discriminatory reason has been shown, the presumption of discrimination dissolves and the burden is on the plaintiff to prove that the proffered non-discriminatory reason is a pretext for age discrimination. Bodenheimer, 5 F.3d at 957.

Simoneaux established a prima facie case of age discrimination: he was dismissed from a position for which he is clearly qualified; he was fifty-five years old when he was dismissed; and, his replacement was thirty-eight years old. The burden then shifted to New York Life to show a non-discriminatory reason for Simoneaux's dismissal. New York Life proffered substantial admissible evidence of Simoneaux's poor performance,

4

including several letters to Simoneaux and testimony regarding the performance of the Baton Rouge office, the institution of the performance plan and Simoneaux's admitted failure to meet the prescribed goals.  This well-documented non-discriminatory reason for dismissing Simoneaux dissolved the presumption of age discrimination and placed the burden on Simoneaux to prove that the reason given by New York Life is a pretext for age discrimination.

Whether Simoneaux raised a genuine issue of material fact as to the existence of pretext determines whether summary judgment was proper.  Because we are reviewing a summary judgment, we need not determine whether Simoneaux actually proved that New York Life's proffered reasons were a pretext for age discrimination, but whether he has tendered sufficient evidence that would lead a jury to find pretext.  Bodenheimer, 5 F.3d at 958.  He has not done so.

Simoneaux does not deny his poor performance and failure to meet his individual performance plan goals, but argues that his poor performance was created by New York Life as a pretext for age discrimination.  "It is more than well-settled that an employee's subjective belief that he suffered adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate non-discriminatory reason." Douglass v. United Services Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc) (citations omitted).  Simoneaux alleges that New York Life intentionally caused problems

5

with his office lease and promoted several agents from the Baton Rouge office in order to impede his performance and create a pretext for his dismissal because of his age. Although Simoneaux may believe that the promotion of some agents and the troubles in negotiating the office lease were part of an orchestrated effort by New York Life to create a pretext for age discrimination, he offers no evidence of this supposed malicious intentional conduct by New York Life other than his own speculative testimony. Without other evidence, his testimony regarding his belief that his performance was sabotaged because of his age is insufficient to support a finding of age discrimination.

Simoneaux also relies on two age-related comments made by Reeves and Tinsley at different times to support his assertion that his dismissal was motivated by age discrimination. "In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee." E.E.O.C. v. Tex. Instruments, Inc., 100 F.3d 1173, 1181 (5th Cir. 1996). Simoneaux recalls that Reeves inquired about his age and his retirement plans during a conversation sometime in 1997 or 1998. That Reeves made this inquiry in a past conversation which was wholly unrelated to the employment action at issue does not shed any light on whether

Simoneaux's age played a role in Reeves' decision to dismiss him. Simoneaux also offers Tinsley's similar inquiry during their 1999 meeting as evidence of age discrimination. While closer in time to the dismissal of Simoneaux, such an inquiry is not direct and unambiguous evidence that Simoneaux's age was a factor in Reeves' decision to dismiss him from employment. These comments prove nothing more than an interest in Simoneaux's future plans and, by themselves, are not sufficient to support a finding of pretext in the decision to dismiss Simoneaux.

Simoneaux failed to offer sufficient facts to support a finding of pretext in New York Life's decision to dismiss him; therefore, he did not establish a genuine issue of material fact that would allow him to survive summary judgment.

## III.

Summary judgment in favor of New York Life was appropriate. The judgment of the district court is

AFFIRMED.

7