United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60586
Summary Calendar

———————————

ROY A. PASCO, by and through their Grandmother and next friend,
Beverly A. Pasco; BRIAN K. PASCO, by and through their
Grandmother and next friend, Beverly A. Pasco; BEVERLY A. PASCO,

Plaintiffs-Appellants,

versus

HOLLY SPRINGS, MISSISSIPPI,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-247-MD
--------------------

Before BARKSDALE, EMILIO M. GARZA, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

Roy A. Pasco and Brian K. Pasco, by and through their next

friend Beverly A. Pasco (collectively, "the plaintiffs") appeal

the district court's grant of summary judgment to Holly Springs,

Mississippi ("Holly Springs"), on their 42 U.S.C. § 1983 claims

and state law wrongful death claim alleging that Roy Gene Pasco,

Jr. ("Pasco"), was killed when his vehicle was bumped off the

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

road by a Holly Springs police officer during a high speed chase. The plaintiffs argue that the district court erred by granting summary judgment to Holly Springs on their Fourth Amendment claim on the ground that there was no municipal liability as a matter of law. They further contend that the district court's alternative grant of summary judgment to Holly Springs on the merits of their Fourth Amendment claim was erroneous. Finally, they assert that the district court erred by granting summary judgment to Holly Springs on their state law wrongful death claim on the ground that it was barred by the Mississippi Tort Claims Act ("MTCA").

We review the grant of a motion for summary judgment *de novo*. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate when, considering all of the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). If the moving party meets his burden of showing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The undisputed evidence before the district court showed that the supervisor on duty ordered the police officer in question, Brad Knoblauch ("Officer Knoblauch"), to terminate his pursuit of Pasco prior to the accident that caused Pasco's death. The undisputed evidence also showed that Holly Springs's written policy on high speed chases by police officers provided that supervisors could order the termination of any pursuit. Accordingly, the district court did not err by finding that Holly Springs's policy regarding high speed chases did not give rise to municipal liability for the alleged constitutional violation. See Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997).

The plaintiffs's argument that *respondeat superior* liability should apply to municipalities in 42 U.S.C. § 1983 actions is foreclosed by the Supreme Court's decisions in Monell v. Dep't. of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978), and Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997). We cannot consider the plaintiffs's contention that those cases were wrongly decided as we are without the authority to overrule binding Supreme Court precedent. See Rodriquez de Quijas v. Shearson/American Exp. Inc., 490 U.S. 477, 484 (1989).

The undisputed evidence before the district court showed that Pasco was engaged in the criminal activities of driving under the influence of alcohol and fleeing from a police officer

at the time of his death.  See MISS. CODE ANN. §§ 63-11-30 & 63-3-202.  As Pasco was engaged in criminal activities at the time of his death, the district court did not err by finding that the plaintiffs's state law wrongful death claim was barred by the MTCA.  See MISS. CODE ANN. § 11-46-9(1)(c).

We need not reach the remainder of the plaintiffs's arguments on appeal.  Despite the plaintiffs's request, we will not reach an issue we would not otherwise reach simply because the plaintiffs have recently filed a similar civil action against Officer Knoblauch individually.  We do not have jurisdiction to issue advisory opinions.  Carpenter v. Witchita Falls Independent School Dist., 44 F.3d 362, 368 n.5 (5th Cir. 1995).

AFFIRMED.