United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE

**UNITED STATES COURT OF APPEALS**

FOR THE

**FIFTH CIRCUIT**

_____

No. 06-60059

_____

ROY A. PASCO, *ET AL.*,

Plaintiffs-Appellants,

versus

BRAD KNOBLAUCH,

Defendant-Appellee.

_____

On appeal from the United States District Court for the
Northern District of Mississippi
No. 1:03-CV-179-M-D

_____

Before DAVIS and STEWART, Circuit Judges, and GODBEY, District Judge.[*]

PER CURIAM:[**]

Plaintiffs-Appellants Ray A. Pasco and Brian K. Pasco, by and through their

grandmother and next friend, Beverly A. Pasco (collectively, "Appellants"), appeal the

_____

[*]District Judge for the Northern District of Texas, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

-1-

district court's grant of summary judgment in favor of Defendant-Appellant Brad Knoblauch on their claim that Knoblauch intentionally caused the death of Roy G. Pasco ("Pasco") in the course of a high speed car chase, in violation of the Fourth Amendment. We find that the record taken as a whole raises an issue as to Knoblauch's intent and reverse and remand.[1]

Knoblauch at all pertinent times was a police officer for Holly Springs, Mississippi. While on patrol around 3:00 a.m. on April 29, 2000, Knoblauch began following Pasco. When Pasco ran a stop sign, Knoblauch attempted to make a stop. Although Pasco initially pulled over, when Knoblauch left his patrol car and began to walk over to Pasco's car, Pasco sped off. Knoblauch returned to his car and began a high speed chase. Knoblauch reported this to his dispatcher at 3:18 a.m. At 3:19 a.m., Knoblauch was instructed to terminate the pursuit. At this point, the two sides' accounts of events diverge.

Knoblauch claims that: (1) he terminated pursuit as instructed; (2) he turned around and headed back towards town; (3) he encountered Jason Martin, another Holly Springs officer who had headed out to assist Knoblauch; (4) after conferring with Martin, Knoblauch again reversed direction and headed back away from Holly Springs looking for a cross street to pinpoint their location for the county sheriff's department, which was to continue the pursuit; (5) he drove down some long driveways to see if Pasco had pulled into one; (6) he noticed gravel in the road, causing him to look more closely, at which point he noticed

---

[1]The facts at issue here gave rise to an earlier case, *Roy Pasco, et al., v. Holly Springs*, No 1:01-CV-247-M-D (N.D. Miss.), *aff'd*, 101 Fed. Appx. 6 (5th Cir. 2004) (*Pasco I*). The district court below appears to have taken implicit judicial notice of the proceedings before it in *Pasco I*, and adopted by reference some of the rulings it made in *Pasco I*.

Pasco's car at the bottom of a ravine alongside the road; and (7) at 3:23 a.m., he notified dispatch of his discovery. Appellants claim that Knoblauch did not break off the pursuit as instructed, intentionally struck Pasco's car from behind, forcing his car off the road and down into the ravine, killing Pasco.

In support of their position, Appellants offered the expert testimony of Lamon Griggs, an accident reconstruction expert. Griggs offered the following opinions (and/or observations): (1) it would have been physically impossible for Knoblauch to have seen Pasco's car at the bottom of the embankment from inside Knoblauch's patrol car, as Knoblauch claimed; (2) "yaw marks," or scuffs on the pavement, indicate that Pasco's car left the road in a side-slip position, traveling from right to left; (3) Pasco's car did not vault over the side of the road at high speed, but left the road at a slow enough speed to track down the embankment; (4) Pasco's rear bumper bore a scratch and paint had been rubbed off; (5) Pasco's car did not travel backwards at any time as it headed down the embankment; and (6) Pasco's car was bumped from behind, forcing it off the road and into the ravine. The district court excluded the last opinion under *Daubert*,[2] but permitted all of the others.[3]

Appellants also offered additional summary judgment proof establishing: (1) there was no missing paint or scratch on Pasco's car's bumper the day before the incident; (2)

_____

[2]*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[3]This ruling was in *Pasco I* and was apparently implicitly adopted in this case by the district court. It is unclear whether appellants intend to appeal that ruling. It is, in any event, supported by the record.

Knoblauch's patrol car was in the police department maintenance bay the morning after the incident; and (3) Knoblauch told Pasco's sister that he did not terminate the pursuit as instructed.

The district court found that Appellants had not raised any fact issue regarding Knoblauch's intent, a necessary element of their Fourth Amendment claim:[4] "that the vehicle could not have been found without personal knowledge of where the vehicle went does not prove that Knoblauch intentionally bumped Pasco's car and caused the accident that killed him."[5] We review the grant of summary judgment de novo, applying the customary standard of resolving all disputes in the record in favor of Appellants, and giving the Appellants the benefit of all reasonable inferences from the record.[6]

We agree with the district court's apparent conclusion that the summary judgment record establishes[7] that Knoblauch's account of how he found Pasco's car was false, and that he had personal knowledge of where the vehicle went. We also hold there to be sufficient evidence from which a jury could infer that Knoblauch's patrol car bumped Pasco's car and

---

[4]The intentional use of deadly force to stop the operator of a motor vehicle for a traffic offense violates the Fourth Amendment prohibition against unreasonable seizure if the defendant (1) unreasonably (2) terminated the freedom of movement (3) through "intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596-99 (1989).

[5]R. 356. This ruling is from *Pasco I*.

[6]*See, e.g.*, *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

[7]For purposes of summary judgment only, of course. At trial the jury would be free to believe Knoblauch and reject Appellants' contentions.

sent him down the embankment.  This inference is supported by Griggs' subsidiary opinions, even in the absence of his ultimate opinion, together with Appellants' additional evidence of contact, and the fact that the jury can infer guilty knowledge from Knoblauch's fabricated story of how he found the car.[8]

We are left with the question of whether the district court properly granted summary judgment for Knoblauch because of the lack of evidence of intent.  We conclude that the better course is for a jury to resolve the question of Knoblauch's intent after hearing all of the evidence, rather than for the court to decide it summarily.[9]  First, "[t]he award of summary judgment to the defense in deadly force cases may be made only with *particular care where the officer defendant is the only witness left alive to testify*."[10]  Second, "summary

---

[8]*See United States v. Diaz-Carreon*, 915 F.2d 951, 955 (5th Cir. 1990) ("An implausible account of exculpatory events suggests that the defendant desires to obscure his criminal responsibility. A factfinder need not ignore such an implausible account; under appropriate conditions, the implausible account provides persuasive circumstantial evidence of the defendant's consciousness of guilt.").

[9]"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. . . .  Neither do we suggest that . . . the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[10]*Bazan v. Hidalgo County*, 246 F.3d 481, 492 (5th Cir. 2001) (quoting *Plakas v. Drinski*, 19 F.3d 1143, 1147 (7th Cir. 1994), emphasis in *Bazan*).

-5-

judgment is rarely proper when an issue of intent is involved."[11]  Finally, Knoblauch's

fabrication is itself "affirmative evidence of guilt."[12]

Accordingly, we reverse the judgment of the district court and remand for further

proceedings consistent with this opinion.

---

[11]*Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996); *accord Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 n.3 (5th Cir. 1993) ("[W]hen state of mind is at issue, summary judgment is less fashionable because motive or intent is inherently a question of fact which turns on credibility."); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) ("We are not unmindful of the fact that cases which turn on state of mind are often inappropriate for resolution at the summary judgment stage.").

[12]*See Wright v. West*, 505 U.S. 277, 296 (1992) ("if the jury did disbelieve [the defendant], it was further entitled to consider whatever it concluded to be perjured testimony as affirmative evidence of guilt"); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) ("Such an inference is consistent with the general principal of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'") (quoting *Wright*).  Knoblauch cites *Moore v. Chesapeake & Ohio Ry. Co.*, 340 U.S. 573 (1951) and *Bose Corp. v. Consumers Union*, 466 U.S. 485 (1984) for the apparently opposite proposition that disbelief of a witness or discredited testimony are not a sufficient basis for a contrary finding.  The conflict is more apparent than real, though.  *Moore* and *Bose* address a witness who simply fails to persuade; *Wright* and *Reeves* deal with a witness who persuades the jury that he is lying, i.e., testifying to the opposite of the truth.