Della STEWART, Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, Defendant.

Civil Action No. H–13–3197.

United States District Court, S.D. Texas, Houston Division.

Signed Jan. 23, 2015.

Andrew Haut, Anh Thu Dinh, Jack Kitchen, Robert Young Petersen, Middagh and Lane, Robert Chamless Lane, Lane Law Firm, Houston, TX, for Plaintiff.

Delilah Y. Banks, Derrick B. Carson, Locke Lord LLP, Houston, TX, Ellen M. Peeples, Locke Lord LLP, Dallas, TX, for Defendant.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court are Defendant's Motion for Final Summary Judgment (Document No. 19) and Plaintiffs Motion for Summary Judgment (Document No. 20). Having considered the motions, submissions, and applicable law, the Court determines the defendant's motion should be granted and the plaintiff's motion should be denied.

## I. BACKGROUND

This is a mortgage foreclosure case. Plaintiff Della Stewart ("Stewart") is the owner of a residential property located at 8407 Ashwyne Lane, La Porte, Texas 77571 (the "Property"). On February 20, 2006, Stewart executed a home equity note in the amount of $88,950 on the Property (the "Note"), which was subsequently assigned to Defendant U.S. Bank National Association ("U.S. Bank"). The Note required Stewart to make monthly payments of $780.54 and established an original maturity date of March 2036. Sometime in 2008, Stewart stopped paying the Note's

monthly payments. Consequently, on August 10, 2008, America's Servicing Company ("ASC"), the entity authorized to service the loan at that time, sent Stewart a notice of default that warned her the Note would be accelerated if she did not make payments to bring her account current by September 9, 2008. Stewart did not make any payments. On September 29, 2008, U.S. Bank sent Stewart a notice of acceleration that stated all sums secured by the Note were due immediately. Stewart still did not make any payments.

On September 22, 2010, ASC and Stewart entered into a forbearance agreement (the "Forbearance Agreement") whereby Stewart would make three monthly payments of $779.15 and in return U.S. Bank would not foreclose on the Property during that time period. Stewart made these three payments, which U.S. Bank applied to the Note. She then stopped making payments again, and she has not made any payments since those three payments. Subsequently, in 2012, U.S. Bank sent Stewart another notice of default and notice of acceleration, as well as a notice of foreclosure sale. On September 24, 2013, Stewart filed a complaint against U.S. Bank in the 189th District Court of Harris County, Texas, seeking to prevent U.S. Bank from foreclosing on the Property. On October 31, 2013, U.S. Bank removed the case to this Court. Both parties now move for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir.1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* FED.R.CIV.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir.1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat. Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir.1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir.2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evi-

dence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n. 30 (5th Cir.1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir.2000).

### III. LAW & ANALYSIS

Stewart seeks a declaratory judgment that U.S. Bank is barred from foreclosing on the Property by a four-year statute of limitations.[1] Specifically, Stewart claims U.S. Bank's right to foreclose on the Property expired on September 29, 2012, because U.S. Bank accelerated the note four years prior, on September 29, 2008. U.S. Bank does not dispute it accelerated the note. Rather, U.S. Bank claims the four-year limitations period has not run because acceleration was abandoned.

Under Texas law, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b); *Clawson v. GMAC Mortg., LLC*, No. 3:12-CV-00212, 2013 WL 1948128, at *2 (S.D.Tex. May 9, 2013) (Costa, J.).[2] "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." TEX. CIV. PRAC. & REM.CODE 4f 16.035(d); *Callan v.*

*Deutsche Bank Trust Co. Ams.*, 11 F.Supp.3d 761, 767 (S.D.Tex.2014) (Harmon, J.). Ordinarily, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." TEX. CIV. PRAC. & REM. CODE § 16.035(e); *Callan*, 11 F.Supp.3d at 767. However, if the noteholder accelerates payment according to an optional acceleration clause in the note, the limitations period begins to run on the date the note is accelerated. *Callan*, 11 F.Supp.3d at 767 (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001)). If acceleration is abandoned, running of the limitations period is likewise abandoned, and the noteholder no longer has to foreclose within four years of the date of acceleration. *Boren v. U.S. Nat'l Bank Ass'n*, No. H–13–2160, 2014 WL 6892553, at *3 (S.D.Tex. Sept. 8, 2014) (memorandum and recommendation) (Johnson, Mag.), *adopted in relevant part and overruled on other grounds by* No. H–13–2160, 2014 WL 5486100 (S.D.Tex. Oct. 29, 2014) (Miller, J.); *In re Rosas*, 520 B.R. 534, 539 (W.D.Tex.2014) (citing *Holy Cross*, 44 S.W.3d at 566–67).

Here, it is undisputed U.S. Bank exercised its option to accelerate the note on September 29, 2008. It is also undisputed that—after acceleration—both parties entered into a forbearance agreement and Stewart made three monthly payments pursuant to the Forbearance Agreement for less than the amount due under acceleration. The issue is whether such actions constitute abandonment of acceleration.[3]

---

1. Stewart has also brought a quiet title cause of action based on the same statute of limitations claim.

2. Texas substantive law applies to this diversity action. *See Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir.2001).

3. Because the material facts concerning abandonment are not disputed—rather, the issue is the legal ramifications of these facts—determination of whether acceleration was abandoned is appropriate on summary judgment.

█ "[A]cceleration can be abandoned by agreement or other action of the parties." *Murphy v. HSBC Bank USA,* No. H–12–3278, 2014 WL 1653081, at *4 (S.D.Tex. Apr. 23, 2014) (Harmon, J.) (alteration in original) (quoting *Khan v. GBAK Props., Inc.,* 371 S.W.3d 347, 353 (Tex.App.-Houston [1st Dist.] 2012)) (internal quotation marks omitted). A forbearance agreement that provides the full amount of the loan is not due immediately, rather, establishes monthly payments in exchange for not foreclosing, constitutes an agreement to abandon acceleration. *See In re Rosas,* 520 B.R. at 540–42 (finding a forbearance agreement that is very similar to the Forbearance Agreement in this case constitutes abandonment). Other abandonment actions include tendering and accepting payment of less than the amount due under acceleration without pursuing any remedies available upon acceleration. *Clawson,* 2013 WL 1948128, at *3 (citing *Holy Cross,* 44 S.W.3d at 566–67); *In re Rosas,* 520 B.R. 534, 539, 542 (citing *Holy Cross,* 44 S.W.3d at 567). Abandoning acceleration has the effect of restoring the note to its original condition, including restoring the note's original maturity date. *Leonard v. Ocwen Loan Servicing, LLC,* No. H–13–3019, 2014 WL 4161769, at *4 (S.D.Tex. Aug. 19, 2014) (Atlas, J.) (citing *Khan,* 371 S.W.3d at 353).

## A. The Forbearance Agreement

█ U.S. Bank contends acceleration was abandoned when the parties entered into the Forbearance Agreement. ASC mailed Stewart the Forbearance Agreement on August 19, 2010, and Stewart signed the Forbearance Agreement on September 22, 2010.[4] The Forbearance Agreement stated that as of August 19, 2010, twenty-eight monthly payments since 2008 were due; the Forbearance Agreement did not state the full amount of the Note was due. The Forbearance Agreement allowed Stewart to make three monthly payments of $779.15 in September, October, and November 2010. During that time period, so long as Stewart made these three monthly payments, U.S. Bank agreed to not foreclose on the Property and to review the loan for a loan modification. Thus, by signing the Forbearance Agreement, Stewart affirmed the full amount of the Note was no longer due immediately. Accordingly, acceleration of the Note had been abandoned.

█ Stewart contends entering into the Forbearance Agreement did not abandon acceleration because the Forbearance Agreement did not mention the original March 2036 maturity date and thus did not restore the original maturity date. However, while an agreement or action abandoning acceleration has *the effect of* restoring the original maturity date, abandoning acceleration does not require an explicitly stated agreement that the original maturity date is restored. *See Khan,* 371 S.W.3d at 353 (finding abandonment "has the effect of restoring" the note's original maturity date). Therefore, just because the Forbearance Agreement did not explicitly state the original maturity date was restored does not mean the Forbearance Agreement did not have *the effect of* restoring the original maturity date. Moreover, the Forbearance Agreement stated, "All provisions of the Note and Security Instrument, except as herein provided, shall remain in full force and effect."[5]

---

**4.** *Plaintiffs Motion for Summary Judgment,* Document No. 20, Exhibit 5 (*Forbearance Agreement*) [hereinafter *Forbearance Agreement*].

**5.** *Forbearance Agreement, supra* note 4, at 3, ¶ 4.

Because the Forbearance Agreement did not provide a different maturity date, the original maturity date of the Note remained in full force and effect. Therefore, the Forbearance Agreement's lack of mention of the original maturity date does not mean entering into the Forbearance Agreement did not abandon acceleration.

Stewart also contends entering into the Forbearance Agreement did not abandon acceleration because the Forbearance Agreement stated Stewart's loan would not be contractually current even if she made the three monthly payments. However, such language simply recognized that, because Stewart had not made any payments since 2008, Stewart would still owe U.S. Bank the outstanding payments and fees.[6] In other words, the Forbearance Agreement did not reduce the total amount of debt owed. This provision—that the loan would not be contractually current—did not mean the total amount of debt owed was due immediately. Therefore, this provision did not mean entering into the Forbearance Agreement did not abandon acceleration.

In addition, Stewart contends entering into the Forbearance Agreement did not abandon acceleration because the Forbearance Agreement and the deed of trust did not preclude U.S. Bank from exercising any rights available to it upon acceleration, namely foreclosure. However, no language in the Forbearance Agreement

states U.S. Bank retained rights available upon acceleration. U.S. Bank was simply not "waiv[ing] [its] right to insist upon strict performance in the future."[7] Indeed, the Forbearance Agreement did not provide U.S. Bank could foreclose at any time; rather, the Forbearance Agreement provided U.S. Bank "may institute foreclosure proceedings according to the terms of the Note and Security Instrument."[8] The Note and Security Instrument require acceleration before foreclosing. Reading the Forbearance Agreement as a whole, it abandons the 2008 acceleration but reserves the right for U.S. Bank to reaccelerate and then foreclose in the future. Stewart's contention that entering into the Forbearance Agreement did not abandon acceleration because the Forbearance Agreement and the deed of trust did not preclude U.S. Bank from exercising any rights available to it upon acceleration is unfounded.

For these reasons, entering into the Forbearance Agreement constituted abandonment of acceleration of the Note. Because acceleration was abandoned, running of the limitations period was likewise abandoned, and U.S. Bank no longer had to foreclose within four years of the date of original acceleration.

## B. Payments of Less than the Amount Due Under Acceleration

■ U.S. Bank contends acceleration was also abandoned when Stewart ten-

---

6. Specifically, the Forbearance Agreement explained,

This Agreement temporarily accepts reduced installments or maintains regular monthly payments as outlined in section 5 below. Upon successful completion of the Agreement, your loan will not be contractually current. Since the installments may be less than the total amount due you may still have outstanding payments and fees. Any outstanding payments and fees will be reviewed for a loan modification. If approved for a loan modification, based on

investor guidelines, this will satisfy the remaining past due payments on your loan and we will send you a loan modification agreement. An additional contribution may be required.

Forbearance Agreement, supra note 4, at 3, ¶ 2.

7. Forbearance Agreement, supra note 4, at 3, ¶ 3.

8. Forbearance Agreement, supra note 4, at 3, ¶ 4.

dered and U.S. Bank accepted three payments of less than the amount due under acceleration, without U.S. Bank pursuing any remedies available upon acceleration. Specifically, pursuant to the Forbearance Agreement, Stewart tendered and U.S. Bank accepted payments in September, October, and November 2010 of $779.15 each. Although these payments were made after acceleration occurred, which required all sums secured by the $88,950 Note to be paid immediately, these payments were considerably less than the amount required by acceleration. Rather, these payments were almost identical in amount to the monthly payments provided for by the Note prior to acceleration. The Forbearance Agreement provided that these payments "be applied to the delinquent payments on the loan." [9] Consistent with this provision, U.S. Bank applied these payments to Stewart's loan. U.S. Bank did not attempt to foreclose on the property until 2012, which was two years after Stewart made her last payment. Thus, U.S. Bank accepted Stewart's payments without pursuing foreclosure, a remedy that was available to it upon acceleration, or any other remedy. These actions abandoned acceleration.

Stewart characterizes these three payments as being made only as part of a trial period plan to show she can make regular monthly payments in an effort to secure a loan modification. Thus, she contends, making these payments should not constitute abandonment in the same way continuing to make monthly payments in an effort to catch up on a delinquent loan constitutes abandonment. Such a distinction is untenable because Stewart tendered these payments knowing they would be applied to the loan, knowing they were less than the amount due under acceleration, and knowing the Forbearance Agreement provided U.S. Bank would not foreclose on the Property during the time she made the payments. Stewart's actions and knowledge were consistent with abandonment of acceleration, and at the time she made these payments she benefited from abandonment by not being foreclosed upon.

Accordingly, Stewart's tender of payments of less than the amount due under acceleration, and U.S. Bank's acceptance of such payments without pursuing any remedies available upon acceleration, constituted abandonment of acceleration of the Note. Because acceleration was abandoned, running of the limitations period was likewise abandoned, and U.S. Bank no longer had to foreclose within four years of the date of original acceleration.

## C. Summary

The applicable four-year statute of limitations began running on September 29, 2008, because U.S. Bank accelerated Stewart's Note on that day. However, entering into the Forbearance Agreement, and tendering and accepting payments for less than the amount due under acceleration without seeking remedies available upon acceleration—individually and collectively—constitute abandonment of acceleration.[10] Because acceleration was aban-

9. *Forbearance Agreement, supra* note 4, at 2.

10. In addition to the Forbearance Agreement and payments, U.S. Bank contends abandonment of the original acceleration is evidenced by U.S. Bank issuing a second notice of acceleration, subsequent to the original acceleration at issue in this case. The Court does not need to reach the issue of whether the second

notice of acceleration is evidence of abandonment because the Forbearance Agreement and payments—individually and collectively—are sufficient evidence of abandonment.

Likewise, the Court does not have to reach the issue of whether a noteholder such as U.S. Bank can unilaterally abandon acceleration because the Forbearance Agreement was agreed to by both Stewart and U.S. Bank, and

doned, running of the limitations period was likewise abandoned. Accordingly, U.S. Bank's right to foreclose on the Property did not expire four years after September 29, 2008. Because all relief sought by Stewart is based on the statute of limitations barring foreclosure, Stewart's motion for summary judgment is denied and U.S. Bank's motion for summary judgment is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion for Final Summary Judgment (Document No. 19) is **GRANTED.** The Court further

**ORDERS** that Plaintiff's Motion for Summary Judgment (Document No. 20) is **DENIED.**

The Court will issue a separate Final Judgment.

the payments were tendered and accepted by Stewart and U.S. Bank, respectively.